# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT LEROY WATERS, SR., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, et. al, ) <br> Defendants. ) <br> ) | Civ. Action No.02cv0167(EGS) |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiff, all cross-plaintiffs/cross-defendants and counter-plaintiffs/counter-defendants (meaning any person, other than the defendant, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay the sum of seventy-three thousand, five hundred dollars ($73,500) to plaintiff Robert Waters, Sr., as personal representative of the estate of Robert Waters, Jr., which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including

any claims for wrongful death, for which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

    3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

    4. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff, cross-plaintiffs/cross-defendants or counter-plaintiffs/counter-defendants. This settlement is entered into by

all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff, cross-plaintiff/cross-defendant or counter-plaintiff/counter-defendant is a minor or a legally incompetent adult, the plaintiff, cross-plaintiff/cross-defendant or counter-plaintiff/counter-defendant must obtain Court approval of the settlement at his or her expense. Plaintiff, cross-plaintiff/cross-defendants and counter-plaintiff/counter-defendants agree to obtain such approval in a timely manner: time being of the essence. Plaintiff, cross-plaintiffs/cross-defendants and counter-plaintiffs/counter-defendants further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiff, cross-plaintiffs/cross-defendants or counter-plaintiffs/counter-defendants fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by check drawn on the Treasury of the United States for seventy-three thousand, five hundred dollars ($73,500) and made payable to Robert Waters, Sr., personal representative for the estate of Robert L. Waters, Jr., and attorney Daniel E. Schultz. The check will be mailed to plaintiff's attorney at the following address: Robert Waters, Sr., personal representative for the estate of Robert L. Waters, Jr., and his attorney Daniel E. Shultz, Esq., Schultz & Trombly, PLLC, 1050 17th Street, N.W., Suite 1250, Washington, DC 20036. Plaintiff's attorney agrees to distribute the settlement proceeds to the plaintiff.

9. Plaintiff, cross-plaintiffs/cross-defendants and counter-plaintiffs/counter-defendants agree, upon execution of this agreement, to dismiss the above-captioned action against the United States with prejudice, with each party bearing its own fees, costs, and expenses, consistent with this agreement.

10. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff, cross-plaintiffs/cross-defendants and counter-plaintiffs/counter-defendants expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this _____ day of June, 2005

_____
ROBERT WATERS, SR.
Plaintiff

_____
DANIEL SCHULTZ
Schultz & Trombly, PLLC
Attorney for Plaintiff

Executed this 22nd day of ~~June~~ August, 2005.

_____
KENNETH L. WAINSTEIN
United States Attorney

_____
R. CRAIG LAWRENCE
Assistant United States Attorney

_____
DARRELL C. VALDEZ
Assistant United States Attorney
Attorneys for Defendant
United States of America

Executed this 11th day of ~~June~~ August, 2005

_____
MICHAEL FLYNN
Gleason, Flynn, Emig & Fogleman
Attorney for Defendant, Cross-plaintiff/Cross defendant, Counter-plaintiff/Counter defendant
Thomas Reshke, II

Executed this 8 day of ~~June~~ August, 2005.

_____
JAN SIMONSEN
Carr Maloney, P.C.
Attorney for Defendant, Cross-plaintiff/Cross defendant, Counter-plaintiff/Counter defendant
Arora Group of Gaithersburg

Executed this 8 day of ~~June~~ August, 2005

_____
STEVEN ANDERSON
Assistant Attorney General, D.C.
Attorney for Defendant, Cross-plaintiff/Cross defendant, Counter-plaintiff/Counter defendant
District of Columbia